## UNITED STATES *v.* GASTON.

*(District Court, N. D. Ohio.* June Term, 1886.)

INTERNAL REVENUE LAWS—SELLING LIQUOR AND TOBACCO WITHOUT A LICENSE —INDICTMENT—MISJOINDER—REV. ST. U. S. § 1024.

Section 1024, Rev. St. U. S., providing that when "there are several charges against any person for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment, in separate counts," does not alter the common-law rule that the accused shall not be tried at the same time for different offenses; and an indictment charging the accused, in one count, with carrying on the business of a retail liquor dealer without having paid the special tax, and, in another, with dealing in manufactured tobacco without payment of the special tax, will be quashed.

Indictment.

*R. S. Shields,* Dist. Atty., for the United States.

*Harvey Scribner* and *L. B. Peasly,* for the defendant.

The indictment charges four separate offenses: (1) That the defendant carried on the business of retailing liquor without posting in his place the stamp denoting the payment of the special tax required by law; (2) that he carried on the said business without having paid the special tax required by law; (3) that he carried on the business of dealing in manufactured tobacco without posting in the place the stamp denoting the payment of the special tax required by law; (4) that he carried on the said business without having paid the special tax required by law.

. The first and third offenses are charged under section 3239, Rev. St. U. S., and are misdemeanors punishable by fine. The second offense is charged

under section 3242, Rev. St. U. S., as amended by Supplement, 132, § 16, and is a felony punishable by fine and imprisonment. The fourth offense is charged under section 3242, Rev. St. U. S., as amended, and is punishable by fine.

Rev. St. U. S. § 1024, does not change the common law; and where two crimes charged are subject to different punishments, although they are connected and committed in pursuance of the same object, they cannot be joined in the same indictment, and an indictment charging these offenses in separate counts is bad for misjoinder. *U. S.* v. *Scott,* 4 Biss. 29; Whart. Crim. Law, § 205; *People* v. *Liscomb,* 60 N. Y. 560; *Young* v. *Rex,* 3 Term R. 98; *State* v. *Fowler,* 8 Fost. 184; *State* v. *Lincoln,* 49 N. H. 465; 1 Bish. Crim. Proc. 205–213; *State* v. *Porter,* 26 Mo. 201; *Hampton* v. *State,* 8 Humph. 69; *McGregg* v. *State,* 4 Blackf. 101; *Baker* v. *State,* 4 Pike, 56; *Kane* v. *People,* 8 Wend. 203; *U. S.* v. *Pirates,* 5 Wheat. 201; *State* v. *Canterbury,* 28 N. H. 216; *State* v. *Flye,* 26 Me. 312; *State* v. *Marvin,* 35 N. H. 26; Whart. Crim. Law, 204–207; 1 Archb. Crim. Pl. 95; *Rex* v. *Trueman,* 8 Prid. & C. 127; *Reg.* v. *Berry,* 4 Fale. & F. 389; *Reg.* v. *Burch,* Id. 407; *In re Murphy,* 8 Car. & P. 297; *Rex* v. *Britton,* 1 Moody & R. 297; *O'Connell's Case,* 11 Clark & F. 374; *King* v. *Roberts,* Carth. 226; *King* v. *Clendon,* 2 Ld. Raym. 1572; S. C. 2 Strange, 870; *McArthur* v. *Jamieson,* 2 Sess. Cas. 24; *Rex* v. *Benfield,* 2 Burr. 980; *Young* v. *King,* 3 Term R. 105.

WELKER, J. This indictment contains, in separate counts, two distinct offenses, the penalty in each offense being different from the other. As a retail liquor dealer he *must* be imprisoned as a part of the penalty, and as a dealer in manufactured tobacco he *may* be imprisoned, and the minimum fine is different. These offenses are, besides, separate and distinct transactions, and not of the same class of crimes or offenses that may be joined under section 1024 of the Revised Statutes.

The motion is therefore sustained.